FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. § 2254

RECEIVED
2005 DEC 27 A .: 16
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Name __TONY EUGENE GRIMES__

Prison Number __148206__

__WILLIAM E. DONALDSON, C.F.__
__100 WARRIOR LANE, BESSEMER, ALABAMA 35023__
Place of Confinement

United States District Court __MIDDLE__ District of __ALABAMA__

Case No. __3:05cv1226.F__
(To be supplied by Clerk of U. S. District Court)

__TONY EUGENE GRIMES__, PETITIONER
(Full Name) (Include name under which you were convicted)

__KENNETH I. JONES__, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person having custody of Petitioner)

and

THE ATTORNEY GENERAL OF THE STATE OF __ALABAMA__

_____, ADDITIONAL RESPONDENT.

(if petitioner is attacking a judgement which imposed a sentence to be served in the <u>future</u>, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion under 28 U.S.C. §2255, in the federal court which entered the judgment.)

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

N955

The Judicial Conference of the United States has adopted, effective 1/1/83, the 8½ x 11 inch paper size standard for use throughout the federal judiciary and directed the elimination of the use of legal size paper. All pleadings, etc. filed after 12/31/82 must be on 8½ x 11 inch paper, otherwise we cannot accept them.

(2) Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition if fully completed, <u>the original and two copies * must be mailed to the Clerk of the United States District Court whose address is:</u>

P.O. Box 711<br>Montgomery, Alabama 36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

**\*If you are proceeding <u>in forma pauperis</u>, only the original petition needs to be filed with the Court.**

PETITION

1. Name and location of court which entered the judgment of conviction under attack __LEE COUNTY CIRCUIT COURT OF ALABAMA; LEE COUNTY, ALA.; OPELIKA, ALA.__

2. Date of judgment __UNDER ATTACK : FEBRUARY 8, 2005; MARCH 22, 2005__

3. Length of sentence __LIFE WITHOUT PAROLE__  Sentencing Judge __JACOB A. WALKER, III__

4. Nature of offense or offenses for which you were convicted: _____
   _____**ATTEMPTED MURDER**_____

5. What was your plea? (check one)
   (a) Not guilty (X)
   (b) Guilty ( )
   (c) Nolo contendere ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____

6. Kind of trial: (Check one)
   (a) Jury (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( ) No (X)

8. Did you appeal from the judgment UNDER ATTACK? Yes (X) No ( )

9. If you did appeal, answer the following:
   (a) Name of court __**COURT OF CRIMINAL APPEAL**__
   (b) Result __**AFFIRMED BY MEMORANDUM OPINION**__
   (c) Date of result __**AUGUST 19, 2005**__
   If you filed a second appeal or filed a petition for certeorari in the Supreme Court, give details: __**WRIT/CERTEORARI DENIED DECEMBER 9, 2005**__

10. Other than a direct appeal from the judgment under attack and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a) (1) Name of court __**LEE COUNTY CIRCUIT COURT**__
        (2) Nature of proceeding __**POSTCONVICTION PETITION, viz. Rule 32, Ala.R.Crim.P.;**__

        (3) Grounds raised __**UNEQUAL TREATMENT VIOLATING EQUAL PROTECTION CLAUSE OF CONSTITUTION**__

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No (X)
        (5) Result __**(PENDING)**__
        (6) Date of result __**(PENDING)**__

(b) As to any second petition, application or motion give the same information:
   (1) Name of court _____
   (2) Nature of proceeding _____
   _____
   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____
   _____
   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
   (5) Result _____
   (6) Date of result _____
(c) As to any third petition, application or motion, give the same information:
   (1) Name of Court _____
   (2) Nature of proceeding _____
   _____
   (3) Grounds raised _____
   _____
   _____
   _____
   _____
   _____
   _____
   (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( )   No ( )
   (5) Result _____
   (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
   (1) First petition, etc.          Yes ( )    No ( )
   (2) Second petition, etc.        Yes ( )    No ( )
   (3) Third petition, etc.         Yes ( )    No ( )
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
_____
_____
_____
_____
_____
_____
_____
_____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

>   CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one: __VIOLATION OF BATSON v. KENTUCKY, 476 U.S. 79(1986)__

Supporting FACTS (tell your story briefly without citing cases or law):
prosecution stated it struck juror YVONNE JAKES due to her stating that she sat on a jury in her past that return a not guilty verdict. Juror YVONNE JAKES voir dire examination testimony refute the prosecution's reason given at the Batson hearing. The trial court errored within denying this Petitioner's Batson motion. The Petitioner presented the Batson violation to the trial court, once again, via 'motion for new trial' with excerpts from the trial transcripts versus the jury voir dire examination transcript testimony of juror YVONNE JAKES, and the trial court denied the Petitioner relief. The trial transcripts of the Batson hearing, in which shows the prosecution's reason for striking juror YVONNE JAKES, versus the jury voir dire examination testimony of of juror YVONNE JAKES, in which refute the reason given by the prosecution at the Batson hearing, shows the respondents made an unreasonable determination of the facts in light of the evidence presented!

B.  Ground two: __RESPONDENT'S VIOLATE EX POST FACTO CLAUSE OF CONSTITUTION WITH APPLICATION ALA.CODE §13A-5-9.1;__

Supporting FACTS (tell your story briefly without citing cases or law):
The Respondents has retroactivated the phrase "NON-VIOLENT" convicted offender into the use of Ala.Code §13A-5-9 to penalize this Petitioner, in violation of the Ex Post Facto clauses due to the retrospective criteria that the Petitioner needs to be a "NON-VIOLENT" convicted offender with his past felony conviction(S) is an extension of unfavorable treatment akin to the increase of punishment proscribed by Ex Post Facto clause and disadvantage Petitioner to benefits afforded under the retroaction. The Legislature re-opened the Petitioner's case to be re-sentenced, with the application of Ala.Code §13A-5-9(c)(3)(2000 amendment). It is proffered the Respondents aggavated the Petitioner's offense after conviction, by designating its classification to be excluded from the re-sentencing benefits, by using a hindsight application that increases the classification criteria in order to bar the sentence reduction for the offense that was not required in the past before year 2001.

C.  Ground three: __RESPONDENT VIOLATE EQUAL PROTECTION CLAUSE OF CONSTITUTION WITH APPLICATION OF ALA.CODE §13A-5-9.1;__

Supporting FACTS (tell your story briefly without citing cases or law):
The Respondents has unequally treated similar situated/classed convicted felons as the Petitioner by granting them relief, yet denied the Petitioner the same relief by discriminating against Him for being a convicted offender inapposite of "NON-VIOLENT. The Legislature re-opens Petitioner's case to afford Him the opportunity to re-sentencing, with the application of Ala.Code §13A-5-9(c)(3)(2000 amendment). The Petitioner was sentenced under Ala.Code §13A-5-9(c)(3),i.e. class "A" conviction with three (3) prior felony convictions, none being class "A". The Petitioner requested His sentence to be reduce via retroaction laws, yet Respondents denied relief with concept that classification under Ala.Code §13A-5-9(c)(3) for His conviction is inapposite of relief available, but granted reductions to defendants in same status as Petitioner, yet denied Petitioner. The Respondents discriminated against Petitioner due to His classification.

D. Ground four: <u>RESPONDENT DENIAL OF SENTENCING HEARING, COUNSEL, PETITIONER RIGHT TO BE PRESENT & ALLOCUTION AFTER RETROACTED LAW RE-OPENED SENTENCING,</u>

Supporting FACTS   (tell your story <u>briefly</u> without citing cases or law): <u>Respondents denial of Petitioner the requested sentencing hearing, counsel and His right to present & allocution before the trial court impose its judgment, is denial of Petitioner's Constitutional Right with those proceeding, in reference to the fact that legislation mandated the Respondents to retroactively apply available new amended sentencing criteria in which was not previously available to Petitioner before amended sentencing laws. The legislature re-opened the Petitioner's case to afford Him the opportunity to be re-sentenced, with the application of Ala.Code §13A-5-9(c)(3)(2000 amendment), by the passing of Ala.Code §13A-5-9.1. Without Ex Post Facto clause violation, the Respondent are due to complete sentencing fate of the Petitioner because of mandatory language of "shall" couple with retroaction of amended law places discretion within the trial court passing of sentence & all the constitutional rights reference to a sentencing hearing should be held, viz. counsel & allocution.</u>

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, wither state or federal, as to the judgment under attack?   Yes (**X**)   No ( )

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing __**NOT APPLICAABLE**__

(b) At arraignment and plea __**NOT APPLICABLE**__

(c) At trial __**NOT APPLICABLE**__

(d) At sentencing __**NOT APPLICABLE**__

(e) On appeal __**NOT APPLICABLE**__

(f) In any post-conviction proceeding __**NOT APPLICABLE**__

(g) On appeal from any adverse ruling in a post-conviction proceeding: ____
__**NOT APPLICABLE**__

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( )    No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( )    No (X)

    (a) If so, give name and location of court which imposed sentence to be served in the future: ____

    (b) And give date and length of sentence to be served in the future: ____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ( )    No ( )

    Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on __December 14, 2005__.
(date)

_Tony Eugene Grimes_
Signature of Petitioner