IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

TONY EUGENE GRIMES, #148 206    *

    Petitioner,    *

    v.    *   CIVIL ACTION NO. 3:05-CV-1226-F
                                            (WO)
KENNETH L. JONES, WARDEN, *et al.*,    *

    Respondent.    *

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Petitioner, Tony Grimes, is currently confined at the William E. Donaldson Correctional Facility in Bessemer, Alabama. He files this action under 28 U.S.C. § 2254. The petition presents a mixed bag of issues wherein Petitioner seeks to once again challenge his 1994 conviction for attempted murder entered against him by the Circuit Court for Lee County, Alabama, as well as challenge amendments made to Alabama's Habitual Felony Offender Act (Ala. Code § 13A-5-9). Petitioner contends that the amendments resulted in violations of the *Ex Post Facto* Clause and denied him equal protection.

To the extent the instant action represents Petitioner's second attempt at challenging the merits of his 1994 conviction, it is due to be dismissed for lack of jurisdiction. By orders filed on November 30, 2000 and September 18, 2002 this court denied and dismissed on the merits Petitioner's first application for habeas corpus relief in which he challenged his 1994 attempted murder conviction. *See Grimes v. Mitchem*, Civil Action No. 3:98-CV-1448-A (M.D. Ala. 2002). To the extent this action represents a challenge to the validity of amendments made to the habitual felony offender law as applied to the sentence Petitioner

is currently serving, the claims are unexhausted.

## I. DISCUSSION

*A. The Successive Claim*[1]

Petitioner may file a second or successive habeas corpus petition only if he has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3);[2] *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). To the extent the pending application is a successive one, before this court may consider it, the United States Court of Appeals for the Eleventh Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. § 2244(b)(3)(A).[3]

It is clear from the petition filed in this case that Petitioner has not received an order from the Eleventh Circuit Court of Appeals authorizing this court to consider his successive application for habeas corpus relief. "Because this undertaking would be Petitioner's second habeas corpus petition and because he ha[s] no permission from [the Eleventh Circuit] to file

---

[1] Petitioner seeks to present a *Batson [v. Kentucky*, 476 U.S. 79 (1986),] challenge with regard to his criminal trial proceedings before the Lee County Circuit Court.

[2] 28 U.S.C. § 2244(b)(3)(B) provides, as amended, that: "[A] motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."

[3] 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant *shall move in the appropriate court of appeals for an order authorizing the district court to consider the application*." (emphasis added).

a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001).

In light of the foregoing, it is clear that this court lacks jurisdiction to consider Petitioner's successive petition for habeas corpus relief and it is, therefore, due to be summarily dismissed.[4]

B. *The Unexhausted Claims*

Petitioner challenges the constitutionality of amendments made to Alabama's habitual felony offender laws insofar as it concerns the viability of their application to his present sentence. Petitioner's habeas application reflects that he presented such challenges to the state courts in a Rule 32 petition and that petition is currently pending. (*See* Doc. No. 1 pg. 3.)

Under *Rose v. Lundy*, 455 U.S. 509 (1982), before a petitioner may file a petition seeking habeas relief in federal court, the petitioner must exhaust each claim presented to the federal court through remedies available in state court. This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. 28 U.S.C. § 2254(b) and (c).

---

[4]Under the amendments to 28 U.S.C. § 2254, a second or successive petition must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain--(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Upon review of the instant petition, it is clear that Petitioner has not yet exhausted all of his available state court remedies with respect to his claims challenging the applicability of Ala. Code § 13A-5-9.1 to his sentence. As noted, Petitioner has a Rule 32 petition pending in state court with regard to this issue. Since it affirmatively appears from the face of the present petition that Petitioner's claims regarding the constitutionality of amendments to Alabama's habitual felony offender laws have not yet been exhausted in the state courts, this court concludes that the petition for habeas corpus relief should be dismissed without prejudice in order to allow Petitioner to continue to pursue his state court remedies. Both comity and judicial efficiency make it appropriate for the court to insist on complete exhaustion before it addresses the issues raised by Petitioner. *See Granberry v. Greer*, 481 U.S. 129 (1987); *see also Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. To the extent the instant habeas application represents an attempt to once again challenge Petitioner's 1994 attempted murder conviction, it be DISMISSED as this court is without jurisdiction to review the petition; and

2. To the extent the instant habeas application presents claims which challenge the validity of amendments to Ala. Code § 13A-5-9.1, the petition be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies

regarding such claims.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 23, 2006**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of January 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE.