IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,                *
              Petitioner,
                                   *
vs.                                        civil action no. 3:05-cv-1226-F
                                   *
KENNETH I. JONES,(Warden),et al.,
              Respondents.         *


PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S
RECOMMENDATION THAT MARCH 22,2005 <u>BATSON</u> VIOLATION
<u>JUDGMENT CLAIM IS SUCCESSIVE CLAIM</u>

    Pursuant to applicable Federal Rules, Procedures, Statutes & Practices, the Petitioner submit the following as objection(s) to the Magistrate Judge Find of Fact and 'Recommendation that this Court does not have jurisdiction over Petitioner Habeas petition claim filed in December of 2005 as below:


STATEMENT OF FACTS:


    With October of 2004, the Petitioner submitted litigation to the State Court(s) to re-open His case and re-sentence Him via retroacted State law(s). Within November of 2004, the State trial court accepted the Petitioner's litigation and re-opened His case as it determined what sentence it was to impose upon Petitioner. (<u>see</u>, attached exhibit "A",'November 10,2004 "Order", where State trial courtdetails retroacted law(s) re-opened case.);

    On February 8,2005, the State trial court imposed judgment in reference to the pending litigation in which re-open Petitioner's case. (<u>see</u>, attached exhibit "B",State trial court 'case action summary sheet' in which verify November 10,2004 "Order' and verify February 8,2005 'Order' imposing judgment.);

    On March 8,2005, the Petitioner filed a 'Motion for New Trial

&/or Relief From Order', in which He presented a <u>Batson v. Kentucky</u>, 476 U.S. 79 (1986) violation claim within that document.(<u>see</u>, attached exhibit "C", 'Motion for New Trial &/or Relief From Order', filed on March 8,2005; also <u>see</u>, attached exhibit "B");

## JUDICIAL NOTICE

This Petitioner files pro-se and request this Court to view His litigating under a standard given to one pro-se. While it is not considered negative to the pro-se, "Judges have no obligations to act as counsel or paralegal to pro-se litigants". <u>see</u>, <u>Pliler v. Ford</u>, 159 L Ed 2d 338,348 (2004); Also, "The...Judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal chores for the defendant that counsel would normally carry out". <u>see</u>, <u>Martinez v. Court of Appeals of California</u>, 528 U.S. 152,162 (2000);

Yet, "it is well established that the standards governing the sufficiency of... petitions are less stringent when the petition is drafted pro-se and without the aid of counsel". <u>see</u>, <u>Williams v. Griswald</u>, 743 F2d. 1533,1542 (11th cir. 1984);also <u>see</u>, <u>Holsomback v. White</u>, 133 F2d 1382,1386 (11th cir. 1998); This Circuit holds that it has "never wavered from the rule that courts should construe... petition filed pro-se more liberally than one drawn up by an attorney". <u>see</u>, <u>Gunn v. Newsome</u>, 881 F2d 949,961 (11th cir. 1989); This Circuit even holds "construing... pro-se petition to include an allegation not expressly raised therein, but raised in...accompanying brief". <u>see</u>, <u>Golden v. Newsome</u>, 755 F2d. 1478,1480 n.4 (11th cir. 1985);

## 'STARE DECISIS' BINDING ON DISTRICT COURT

"As general rule, principle of stare decisis directs courts to adhere not only to the holding of their prior cases, but also to their explications of the governing rules of law".<u>see</u>, <u>Seminole Tribe of Florida v. Florida</u>, 116 S.Ct. 1114, 517 U.S. 44, 134 LED 2d 252 (1996); "Stare Decisis means that like facts will receive like treatment in a court of law". <u>see</u>, <u>Flowers v. United States</u>, 764 F2d. 759 (11th cir. 1985);" Under rule of stare decisis, courts should not lightly overrule past decisions because stability and predictability are essential factors in the proper operation of the rule of law".<u>see</u>, <u>McGinley v. Houston</u>, 361 F3d. 1328,1331 (11th cir. 2004);

A "Federal District Court was bound by language of decision of the circuit court". see, I & I Marine Transportation inc. v. M/V Hokuetsu Hope, 895 F.Supp. 297,298 (S.D.Ala. 1995); "Although a District Court, like the 'Eleventh Circuit Court of Appeals', should respect and carefully weigh the views of other circuits, only the decisions of the Supreme Court and the Eleventh Circuit Court of Appeals are binding on the District Court of the Eleventh Circuit". see, Arriaga v. Florida Pacific Farms,I.I.C., 305 F3d. 1228,1331 (11th cir. 2002);

"A circuit court's decision binds the district courts sitting within its jurisdiction while a decision of the Supreme Court binds all circuit and district courts".see, McGinley v. Houston,supra.; "A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this Circuit is bound by [the Eleventh Circuit Court of Appeals] decisions". see, I &I Marine Transportation inc., supra., at 1301,n.3; The "binding precedent rule affords courts no discretion to depart from decision where higher court has already decided issue before it".see, Johnson v. Desoto County Bd. of Com'rs, 72 F3d. 1556 (11th cir. 1996);

"District Courts do not make law, and indeed do not even dictate holdings, but instead find facts and apply the existing law".see, Pryor v. Reno, 998 F. Supp. 1317, reversed 171 F3d. 1281. on remand, 62 F.Supp. 1301, cert. granted, vacated 120 S.CT. 929, 528 U.S. 1111,529 U.S. 1111, 145 L.ED.2d. 807, on remand 211 F3d. 1257, on remand 2000 WL 151572, vacated 211 F3d. 1227, on remand 2000 WL 151572 (M.D.ALA. 1998);

## BATSON VIOLATION MARCH 22,2005 JUDGMENT, NOT SUCCESSIVE PETITION CLAIM

The precedent of the 'Eleventh Circuit Court of Appeals' binds this Court where it holds "a petition [ Habeas Corpus] shall be limited to the assertion of a claim for relief against the judgment or judgments of a single State court".see, Walker v. Crosby, 341 F3d. 1240,1246 n.6 (11th cir. 2003); The judgment this Petitioner attacks is the State trial court judgment(s) delivered on February 8,2005 and March 22, 2005, in which resulted the State court's RE-OPENED THE CASE for matters of re-sentence of this Petitioner.(see, Doc. no. 1 pg.2.)

The February 8, 2005 State court judgment was a matter deciding re-sentencing of the Petitioner after retroacted law(s) re-opened His case. see, attached exhibit "A", November 10, 2004 'Order', where State trial court details retroacted law(s) re-opened Petitioner case; also see, attached exhibit "B", State trial court's 'case action summary sheet', in which verify November 10, 2004 and verify February 8, 2005 'Order' judgment.

This Circuit's binding precedant holds "that new petitions are not second or successive to the extent they seek to vacate a new, amended component of the sentence". see, Hepburn v. Moore, 215 F3d. 1208, 1209 (11th cir. 2000); This Circuit goes on to hold that "under the Anti-Terrorist Effective Death Penalty Act (AEDPA), when new claims originate at resentencing, those claims may be brought in a subsequent Habeas petition without the necessity of obtaining permission from the Circuit Court before filing the petition". see, Hepburn, supra., at 1209;

The Batson violation claim of relief involves that pertaining to the March 22, 2005 judgment and not confined to judgment of the 1994 as the Magistrate Judge attempts to allege, for it was brought within a 'Motion for New Trial &/or Relief From Order' after the State trial court re-opened the Petitioner's case November of 2004. see, attached exhibit "C", 'Motion for New Trial New &/or Relief From Order' filed on March 8, 2005; The Batson claim, in reference, became relevant subsequent to the resentence judgment.

The Petitioner's Batson violation claim **does not fall under the successive petition criteria due to:** the Batson violation claim He presented within the March 8, 2005 litigation filed in the State court, after the case was re-opened, could not have been previously submitted in a Habeas petition, due to **the way the Batson violation was presented in the March, 2005, litigation;** ( this Petitioner never had the opportunity to present

4.

His <u>Batson</u> violation before, due to procedural restraints, in which was removed when the case was RE-OPENED);

With matters taken in consideration above, the <u>Batson</u> claim judgment entered on March 22,2005 and the filing of this claim within this Habeas petition should show this Court that it is not a successive petition claim, and via the authority of <u>Walker v. Crosby</u>, supra., & <u>Hepburn v. Moore</u>, supra.; since the <u>Batson</u> claim was results of this Petitioner's resentence judgment, this Court does have jurisdiction with adjudicating the Habeas petition claim.

## CONCLUSION

The Petitioner proffers the binding precedent of The Eleventh Circuit Court of Appeals', the fact that the <u>Batson</u> claim presented on March 8,2005 was results of resentencing judgment, and the fact that this Petitioner never had the opportunity to present the <u>Batson</u> claim as presented within March of 2005, this Court has jurisdiction to adjudicate the <u>Batson</u> claim as cognizable under Habeas Corpus.

## CERTIFICATE OF SERVICE

I CERTIFY I SERVED A COPY OF THIS 'OBJECTION & SHOW CAUSE OF JURISDICTION' UPON THE COURT AND RESPONDENTS.

JANUARY 11,2006
DATE

*Tony Eugene Grimes*
TONY EUGENE GRIMES# 148206
100 Warrior ln.
Bess. , Al. 35023

5.