IN THE CIRCUIT COURT OF LEE COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA, | * |
| Plaintiff, | * |
| vs. | * CASE NO. CC 94-1161 |
| TONY EUGENE GRIMES, | * |
| Defendant. | * |

FILED NOV 10 2004 IN OFFICE CORINNE T. HURST CIRCUIT CLERK

## ORDER

The Defendant has filed a Motion entitled "Motion for Reconsideration of Sentence" dated October 13, 2004. In support of said Motion the Defendant cites Section 13A-5-9.1 and the case of <u>Ex Parte State of Alabama (In Re. Junior Mack Kirby v. State of Alabama)</u> 2004 West Law 1909345. The <u>Kirby</u> decision allows the retroactive application Section 13A-5-9 and the Legislature vested jurisdiction in the sentencing judge or presiding judge to reopen a case more than thirty (30) days after sentencing. However, the Court's decision is only applicable to a narrow defined group of inmates. The inmates that fit into the criteria are as follows:

1. Those who were sentenced under the Habitual Offender Act;

2. Sentencing prior to May 26, 2000;

3. Who were currently serving either a sentence of Life without the possibility of Parole and none of the prior convictions used for enhancement purposes were Class A felonies ...

4. Who were determined, by the sentencing or presiding Judge to be a non-violent offender.

According to <u>Kirby</u>, the first three elements would apply to Grimes. Futhermore, according to <u>Kirby</u> to help aid in determining if the Defendant is a non-violent offender, "the Court should consider the inmate's conduct while incarcerated." Defendant Grimes fits the first three items of the criteria. Therefore, the Department of Corrections is ordered to provide to this Court information that would aid this Court in determining whether or not the Defendant is a

Exhibit "A"