IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,
      Petitioner/Plaintiff,

RECEIVED
2006 JAN 23 A 9:56

vs.

civil action no. 3:05-cv-1226-F

KENNETH L. JONES, (warden), et al.,
      Respondents/Defendants.

## PETITIONER/PLAINTIFF OBJECTIONS TO SUPERVISION DICRETION OF LITIGATION BY MAGISTRATE JUDGE VANZETTA PENN McPHERSON

Pursuant to the applicable Federal Rules, Procedures, Statutes & Practices, the Petitioner/Plaintiff 'Objection(s)' are set forth below as to Magistrate judge Vanzetta Penn McPherson supervision/discretion upon His litigation:

1. The Plaintiff objects Magistrate judge V.P. McPherson [(Mag.J. McPherson)], overseeing His litigation due to a pattern of mishandling &/or deliberately displaying bias as detailed below:

2. Within this Petitioner's previous litigation filed under this Court case number/style : GRIMES v. MITCHEM, civil action no. 3:98-cv-1448-A, the (Mag.J.) McPherson failed to adjudicate one of claims presented within the litigation, viz. "INEFFECTIVE ASSISTANCE OF COUNSEL (APPELLATE) FOR FAILING TO RETRIEVE ALL TRANSCRIPTS...".

3. With the 'Report & Recommendation'(R & R), by (Mag.J.) McPherson presented to this Court for GRIMES v. MITCHEM, supra., the Petitioner placed His objections and raised all claims presented

within the litigation/petition, yet this Court 'adopted' said 'Recommendation' which failed to adjudicate the "INEFFECTIVE COUNSEL CLAIM OF FAILING TO RETRIEVE ALL TRANSCRIPTS...", THEN denied the Petitioner His relief requested.

4. Within an appeal from that judgment, 'the 11th Circuit Court of Appeals' granted appellate review upon a separate claim raised in the petition, viz. "ineffective counsel(s) failing to argue unsworn jury venire" and later vacated/remanded this Court's judgment with instruction. The matter was re-assigned back to (Mag.J.) McPherson, in which she 'ordered' the Respondents to the compliance of the 'mandate' of 'the 11th Circuit Appeals Court'. When the Respondents failed to comply with the 'order' of the instructions, (Mag.J.) McPherson provided detailed instruction to the Respondents as a **second chance**, in contrary to the '11th Citcuit Appeal Court'. It was specific within the Appellate Court's instruction that "if the Respondents failed to comply with the the instruction, to Grant the Habeas petition'.

5.**Once again**, (Mag,J.) McPherson has intentionally, or fraudulently, or negligently eliminated a claim this Petitioner has brought within His Habeas petition, viz. "RESPONDENTS DENIAL OF SENTENCE HEARING ,COUNSEL, PETITIONER'S RIGHT TO BE PRESENT & ALLOCUTION AFTER RETROACTED LAW RE-OPENED SENTENCE".see Habeas petition: <u>GRIMES v. JONES</u>,civil action no. 3:05-cv-1226-F, at Ground Four;(filed within this Court); This Petitioner' raised four (4) claims within the Habeas petition, yet (MAg.J.) McPherson only mention three (3) of the claims in the 'Recommendation' filed on January 9,2006, instead of the four claims.

6. The Petitioner bring to this Court attention that the (Mag.J.) McPherson has proffered a 'recommendation' within this Court case of <u>GRIMES v. LEE COUNTY CIRCUIT COURT,et al.</u>,civil action no. 3:05-cv-1105-T, where she also eliminated reference or adjudication with this Court litigation in that matter as to the Petitioner's claim for 'INJUNCTIVE RELIEF' within that litigation . The (Mag.J.) McPherson addressed all other matters with that litigation EXCEPT the 'injunctive'relief' claim.

## CONCLUSION
PLAINTIFF/PETITIONER OBJECTS TO (Mag.J.) McPHerson OVERSEEING LITIGATION DUE TO MISHANDLINGS

## CERTIFICATE OF SERVICE

I CERTIFY I SERVED A COPY OF THE "OBJECTIONS TO MAG.J. McPHERSON SUPERVISING/DISCRETION OVER LITIGATION" UPON THE COURT AND OPPOSING PARTY.

January 18, 2006
DATE

Tony E. Grimes

T.E. GRIMES#148206
100 Warrior Ln.
Bess,, Al 35023

3.