IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

TONY EUGENE GRIMES,
    Petitioner,

vs.

civil action no. 3:05-cv-1226-F

KENNETH L. JONES,(Warden),et al.,
    Respondents.

PETITIONER'S SUPPLEMENTAL OBJECTIONS TO MAGISTRATE JUDGE JANUARY 9,2006 RECOMMENDATION TO HABEAS PETITION

STATEMENT OF THE FACTS:

    Within December of 2005, the Petitioner presented four (4) claim(s)/ground(s) for relief to this Court via Habeas Corpus §2254.(see, Doc. No. 1 pg. 6-7); The following are the claims/grounds raised in the Habeas petition:

    Ground One : RESPONDENT'S VIOLATED BATSON v. KENTUCKY, 476 U.S. 79 (1986);

    Ground Two : RESPONDENT'S VIOLATED EX POST FACTO CLAUSE OF CONSTITUTION WITH APPLICATION ALA.CODE §13A-5-9.1;

    Ground Three : RESPONDENT'S VIOLATED EQUAL PROTECTION CLAUSE OF CONSTITUTION WITH APPLICATION OF ALA.CODE §13A-5-9.1;

    Ground Four : RESPONDENT'S DENIEL OF SENTENCING HEARING, COUNSEL, PETITIONER RIGHT TO BE PRESENT AND ALLOCUTION AFTER RETRTOACTED LAW RE-OPENED SENTENCE;

    On January 9,2006, the Magistrate Judge Vanzetta Penn McPherson [(Mag.J.) McPherson] recommendation that the Petitioner's litigation to be 'dismissed' on the premises this Court was without jurisdiction to review part of the litigation and dismissed without prejudice due

to unexhausted claim/ground. The Magistrate Judge recommendation only mention three (3) of the four (4) claims/ground the Petitioner raised in this Habeas petition.

### JUDCIAL NOTICE

This Petitioner files pro-se and request this Court to view His litigating under a standard given to one pro-se. While it is not considered negative to the pro-se, "Judge have no obligations to act as counsel or paralegal to pro-se litigants". see, Pliier v. Ford, 159 L Ed 2d. 338,348 (2004); Also, "The...Judge is under no duty to provide personal instruction on courtroom procedure or to perform chores (legal) for the Defendant that counsel would normally carry out ".see, Martinez v. Court of Appeals of California, 528 U.S. 152,162 (2000);

Yet, "it is well established that the standards governing the sufficiency of... petitions are less stringent when the petition is drafted pro-se and without the aid of counsel". See, Williams v. Griswald, 743 F2d. 1533,1542 (11th cir. 1984); also see, Holsomback v. White, 133 F3d. 1382,1386 (11th cir. 1998); This CIrcuit holds that it has "never wavered from the rule that courts should construe...petition filed pro-se more liberally than one drawn up by an attorney". see, Gunn v. Newsome, 881 F2d 949,961 (11th cir. 1989); This Circuit even holds "construing... pro-se petition to include an allegation not expressly raised therein, but raised in...accompanying brief".see, Golden v. Newsome, 755 F2d. 1478,1480 n.4 (11th cir. 1985);

### 'STARE DECISIS' BINDING ON DISTRICT COURT

"As general rule, principle of stare decisis directs courts to adhere not only to the holding of their prior cases, but also to their explications of the governing rules of law".see, Seminoles Tribe of Florida v. Florida, 116 S.Ct. 1114, 517 U.S. 44, 134 L Ed2d 252 (1996); "Stare Decisis means that like facts will receive like treatment in a court of law".see, Flowers v. United States,764 F2d. 759 (11th cir. 1985); "Under rule of stare decisis, courts should not lightly overrule past decisions because stability and predictability are essential factors in the proper operation of the rule of law".see, McGinley v. Houston, 361 F3d. 1328,1331 (11th cir. 2004);

A "Federal District court was bound by language of decision of the circuit court".see, L & I Marine Transportation inc. v. $^M/_V$ Hokuetsu Hope, 895 F. Supp. 297,298 (S.D. Ala. 1995); "Although a District Court, like the 'Eleventh Circuit Court of Appeals', should respect and carefully weigh the views of other circuits, only the decisions of the Supreme Court and the 'Eleventh Circuit Court of Appeals are binding on the

District Court of the Eleventh Circuit". <u>see</u>, <u>Arriaga v. Florida Pacific Farms, L.L.C.</u>, 305 F2d. 1228, 1231 (11th cir. 2002);

"A circiut court's decision binds the district courts sitting within its jurisdiction while a decision of the Supreme Court binds all circuits and district court". <u>see</u>, <u>McGinley v. Houston</u>, supra.; "A district court is not bound by another district court's decision, or even an opinion by another judge of the same district court, but a district court in this Circuit is bound by [the Eleventh Circuit Court of Appeals] decisions". <u>see</u>, <u>L & L Marine Transportation inc.</u>, supra., at 1301 n. 3; The "binding precedent rule affords court no discretion to depart from decision where higher court has already decided issue before it". <u>see</u>, <u>Johnson v. De soto County Bd. of Com'rs</u>, 72 F3d. 1556 (11th cir. 1996);

"District Corts do not make law, and indeed do not even dictate holdings, but instead find facts and apply the existing law". <u>see</u>, <u>Pryor v. Reno</u>, 998 F.Supp. 1317, reversed 171 F3d. 1281, on remand, 62 F.SUpp. 1301, cert. granted, vacated 120 S.Ct. 929, 528 U.S. 1111, 529 U.S. 1111, 145 L Ed 2d 807, on remand 211 F3d 1257, on remand 2000 WL 151572, vacated 211 F3d 1227, on remand 2000 WL 151572 (M.D.Ala. 1998);

OBJECTION(s) TO MAGISTRATE JUDGE JANUARY 9, 2006 RECOMMENDATION'S FAILURE TO REFERENCE ALL PETITIONER'S CLAIM(S)

The Petitioner objects to the magistrate judge's January 9, 2006 Recommendation that fails to reference, mention &/or acknowledge all of the claims raised in the Habeas Corpus petition. The precedent of the 'Eleventh Circuit Court of Appeals' binds this Court where it holds a "district court must resolve all claims for relief in petition for writ of Habeas Corpus, regardless of whether Habeas relief is granted or denied". <u>see</u>, <u>Clisby v. Jones</u>, 960 F2d 925, 936 (11th cir. 1992); The Court goes on to hold a "claim for relief the district court must resolve regardless of whether Habeas relief is granted or denied is any allegation of constitutional violation". <u>see</u>, <u>Clisby</u>, supra., at 936;

Even though this Court did not pass judgment, in the 'recommendation', upon the Habaeas petition as of yet, the 'United States Supreme Court'

3.

in <u>Thomas v. Arn</u>, 474 U.S. 140,149, 88 L Ed 2d 435,444, 106 S.Ct. 466 (1985). holds in pertitent parts:

> "... A judge of the district court shall make a de novo determination of those portions of the report or specified proposed finding finding or recommendation to which objection is made. The statute does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection."

<u>see</u>, <u>Thomas v. Arn</u>, supra., 474 US 140,149; As this Petitioner understands it, without an objection, this Court could be forever foreclosed of review or adjudication of His claim if He was to leave unacknowledged the facts that this Court **will not** hear the WHOLE of His case, due the strategic attempts by the magistrates' 'recommendation on January 9,2006. The 'Supreme Court' goes on to say:

> "... any party who was dissatisfied for any reason with the magistrate's report would file objections, and those' objections would trigger district court review.'...There is no indication... intended to require a district court (judge) to review a magistrate's report to which no objection are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort..."

<u>see</u>, <u>Thomas v. Arn</u>, supra., 474 US at 152;

The magistrate's recommendation in which fails to acknowledge, mention or reference all of this Petitioner's grounds/claims raised in Habeas litigation could and would strongly preclude this Court &/or the Appellate court(s) from reviewing such claim/ground, if this Court does not correct this erroneous, or mistaken, or, negligent and not unlimited deliberate attempt, that fails to acknowledge this claim/gound : **"RESPONDENT'S DENIAL OF SENTENCING HEARING, COUNSEL, PETITIONER RIGHT TO BE PRESENT AND ALLOCUTION AFTER RETROACTED LAW RE-OPENED SENTENCE".**

This Petitioner **MOVES** this Court to correct the mistake/negligent action and require this Court to **FORMALLY** acknowledge this mishap, then dispatch notice to this Petitioner that the Judge of of this Honorable Court take note of the four (4) claims/grounds in the Habeas petition.

## CONCLUSION

This Petitioner objects to the magistrate's recommendation that fails to acknowledge claim/ground four (4) raised in the Habeas and **MOVES** this Court to make note of claim/ground four (4) formally, so this Petitioner will not presume this Court is intentionally denying Him access to this Court, or, discriminating upon Him and His litigation in effort to suppress His attempts at His Freedom & relief from unlawfully restraint(s) to pursuit Due Process/Liberty.

## CERTIFICATE OF SERVICE

I SERVED, I CERTIFY, A COPY OF THIS 'Supplemental Objection : re: Omitted Claim in Recommendation' UPON THE COURT AND RESPONDENTS.

JANUARY 13, 2006
DATE

_Tony Eugene Grimes_
TONY EUGENE GRIMES# 148206
100 Warrior Ln.
Bess., Al. 35023

5.